# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN D. BATTLE,<br>                    Appellant, | DOCKET NUMBER<br>DC-0831-15-0048-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>                    Agency. | DATE: June 30, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John D. Battle, Upper Marlboro, Maryland, pro se.

Cynthia Reinhold, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM), denying his request for reconsideration as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      On February 21, 2014, OPM issued an initial decision informing the appellant that it had correctly apportioned his retirement annuity between himself and his ex-wife pursuant to a court order, which would be honored unless OPM received a second court order declaring the first order invalid. Initial Appeal File (IAF), Tab 7. The letter included an attachment titled "Information and Instructions on Your Reconsideration Rights" that advised the appellant that he could request reconsideration of OPM's findings and that his request must be made no later than 30 calendar days from the date of OPM's initial decision. *Id*. This document also informed the appellant that an untimely request would not be considered unless he could show that he was unaware of the time limit or was prevented from responding by a cause beyond his control. *Id*. The appellant, instead of filing a request for reconsideration with OPM, erroneously filed a request with the Board's Washington Regional Office on May 27, 2014. *Id*. at 5. OPM issued a reconsideration decision that denied the appellant's request because it was untimely filed. IAF, Tab 1. OPM found that, even if the appellant had filed his request with the correct agency instead of erroneously filing with the

Board, it still would have been more than 2 months late, since it was due within 30 calendar days of February 21, 2014, because he filed it with the Board (the wrong agency) on May 27, 2014. Thus, OPM denied his request for reconsideration as untimely filed, and it affirmed the initial decision. IAF, Tab 7 at 4.

¶3    On appeal, the appellant raised numerous challenges to the competency of the attorney he had retained for his divorce and also the competency of another attorney he retained in 2010 to seek modification of the court order concerning the calculation of his annuity and the financial hardship caused by paying a former spouse annuity. Because the appellant did not address the untimeliness of his request for reconsideration when he filed his Board appeal, the administrative judge advised the appellant that he had to submit argument and evidence addressing the timeliness issue. IAF, Tabs 8, 17, 20. The appellant subsequently filed a response asserting that "the reason my response was not filed in a timely fashion was because I was going thru [sic] a stage of depression, see attached letter from my physician dated November 13, 2015. I have episodes from time to time." IAF, Tab 19. The appellant attached the following note from his physician, which stated that the appellant:

> [H]as been a patient at this facility since 2-15-2013, and he is diagnosed with (296.23) or F32.2 Major Depressive Disorder (moderate severity, single episode) and (300.00) or F41.9 Anxiety Disorder NOS (not otherwise specified). The patient has had significant exacerbation of his symptoms due to the issue of believing that his annuity/retirement has been fraudulently taken by his ex-wife.

*Id.* at 3; IAF, Tab 16 at 2. The appellant mentioned in another submission that he has been seeing a psychiatrist and taking medication since May 2010 "due to these pertinent matters and proceedings." IAF, Tab 15 at 3.

¶4    The administrative judge found that the appellant's evidence did not establish that a situation beyond his control had prevented him from requesting reconsideration within the time limit, or that his depression or medication had so

impaired him throughout the filing period that he could not follow the instructions in OPM's initial decision or obtain assistance from a representative, or request an extension of the filing deadline. IAF, Tab 22, Initial Decision (ID) at 4. Thus, the administrative judge found that the appellant failed to provide sufficient evidence to render OPM's decision not to waive the filing deadline unreasonable or an abuse of discretion. Therefore, the administrative judge affirmed OPM's decision. ID at 4.

¶5    After the issuance of the initial decision, but apparently prior to the appellant's receipt of that decision,[2] the appellant filed a pleading with the Board stating that he had not received any correspondence from the administrative judge and that he was seeking a decision in his case. Petition for Review (PFR) File, Tab 1. The appellant's pleading also addressed the calculation of his annuity. *Id*. However, his pleading did not address the untimely filing of his request for reconsideration. *Id*. He was notified that his pleading was forwarded to the Clerk of the Board for processing as a petition for review of the initial decision.[3] PFR File, Tab 2.

¶6    Because he has raised no arguments challenging the administrative judge's findings in the initial decision, he has shown no error by the administrative judge in affirming OPM's reconsideration decision. Accordingly, the appellant's

---

[2] The appellant's pleading was filed when the Federal Government in the Washington, D.C. area was closed for most of the week due to inclement weather. This is probably the reason why the appellant had not yet received the decision in his case.

[3] The appellant filed an additional pleading on June 7, 2016, following the close of record on review. The Board's regulations do not allow for pleadings on review other than a petition for review, a cross petition for review, a response to a petition for review or cross petition for review, and a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a). No other pleading will be accepted unless the party files a motion with and obtains leave from the Clerk of the Board. 5 C.F.R. § 1201.114(a)(5). Here, the appellant did not obtain leave from the Clerk to file an additional pleading. We find that the newly submitted pleading is not material to the outcome of this appeal. Accordingly, we give no further consideration to the appellant's additional pleading.

petition for review does not meet the criteria for review under 5 C.F.R. § 1201.115. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980), (finding that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record that demonstrates the error), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam); *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (stating that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record).

¶7    Furthermore, the applicable law and the record evidence support the administrative judge's findings that a request for reconsideration of an OPM initial decision regarding retirement benefits must be received by OPM within 30 calendar days from the date of the initial decision. 5 C.F.R. § 831.109(e)(1). OPM may extend the time limit when the appellant can prove that he was not notified of the time limit and was not otherwise aware of it, or that he was prevented from making the request within the time limit. 5 C.F.R. § 831.109(e)(2); *see Davis v. Office of Personnel Management*, 104 M.S.P.R. 70, ¶ 7 (2006).

¶8    Here, the appellant's May 27, 2014 request for reconsideration was filed 2 months after the issuance of OPM's initial decision. Information and instructions enclosed with that initial decision included the statement that the request must be received by OPM within 30 calendar days of the date of the initial decision. IAF, Tab 7 at 7-9. The instructions stated that OPM could extend the time limit if the appellant could show that he: (1) was not notified of the time limit and was not otherwise aware of it; or (2) was prevented from responding by a cause beyond his control. *Id*.; *see* 5 C.F.R. § 831.109(e)(2); *see also Azarkhish v. Office of Personnel Management*, 915 F.2d 675, 677 (Fed. Cir 1990). We find that the appellant, by his arguments, has not provided a

sufficient basis to establish either of these criteria. Accordingly, we conclude that the appellant has shown no basis upon which to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.